# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5987 | **DATE** | 10/26/2004 |
| **CASE TITLE** | Sandra Bell vs. Ameriquest Mortgage Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Ameriquest's Answer ¶¶1, 3, 7 and 8 are stricken, but with leave being granted to Ameriquest to file an appropriate amendment to the Answer in this Court's chambers on or before November 8, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | OCT 27 2004 | | 6 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | 6 | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 10/26/2004 | | |
| SN | courtroom deputy's initials | U.S. DISTRICT COURT 2004 OCT 26 PH 4:16 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA BELL,                          )
                                      )
              Plaintiff,              )
                                      )
    v.                                )    No.  04 C 5987
                                      )
AMERIQUEST MORTGAGE COMPANY,          )
et al.,                               )
                                      )
              Defendants.             )

**DOCKETED**
OCT 2 7 2004

<u>MEMORANDUM ORDER</u>

Ameriquest Mortgage Company ("Ameriquest") has filed its
Answer to the Truth in Lending Act Complaint brought against it
and possibly some unidentified "John Doe" defendants[1] by Sandra
Bell ("Bell").  This memorandum order is issued sua sponte
because of two problems posed by the responsive pleading (this
memorandum order does not fully address any possible difficulties
that may exist with Ameriquest's affirmative defenses ("ADs"), a
matter that will be left to the attention of Bell's counsel).

First, despite the clear language of the second sentence of
Fed. R. Civ. P. ("Rule") 8(b), Ameriquest's counsel are numbered
among the lawyers who inexplicably depart from the terms of the
disclaimer required by that Rule--see App. ¶1 to <u>State Farm Mut.</u>
<u>Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).
Accordingly Answer ¶¶1, 3, 5, 7 and 8 are stricken, but with

---

[1]  Although Bell has referred to "John Does 1-5" in the case
caption and in Complaint ¶7, nothing to this point suggests that
any person other than Ameriquest "claim[s] an interest in
plaintiff's mortgage loan" (<u>id.</u>).

leave being granted to Ameriquest to file an appropriate amendment to the Answer in this Court's chambers (with a copy of course being contemporaneously transmitted to Bell's counsel) on or before November 8, 2004.

Second, Answer ¶¶10 and 14 are also problematic, in this instance because counsel's use of the locution "to the extent" leaves this Court (as well as Bell's counsel, of course) totally uncertain as to what portion of the corresponding Complaint allegations are being admitted and what portions are being denied by Ameriquest. In that respect the responses fail to conform to the mandate of the first sentence of Rule 8(b). Those paragraphs of the Answer are accordingly stricken as well, with leave being granted to provide proper responses as part of the amendment to the Answer already called for.

Finally, the parties are expected to address at the initial status hearing (previously ordered to be held at 9 a.m. November 2, 2004) these matters raised by the ADs included as part of the Answer:

1. Bell's counsel will be required to speak to the limitations issue identified in AD 1 regarding her claim for statutory damages, costs and attorney's fees.

2. Apart from that issue, Ameriquest's counsel will be expected to identify why AD 3--a challenge that corresponds to Rule 12(b)(6)--is assertedly sustainable.

3. Bell's counsel will also be expected to speak to whether AD 4 is or is not an accurate statement as to her obligations if the remedy of rescission proves to be available to her.

_____

Milton I. Shadur
Senior United States District Judge

Date: October 26, 2004