# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5987 | **DATE** | 11/29/2004 |
| **CASE TITLE** | Sandra Bell vs. Ameriquest Mortgage Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly, Ameriquest's first affirmative defense is upheld, and Bell's prayer for relief other than for the possible rescission of the Ameriquest mortgage is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/29/2004 | |
| | SN | courtroom deputy's initials | 2004 NOV 29 PM 2:21 | date mailed notice SN mailing deputy initials |
| | | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA BELL,                        )
                                    )
             Plaintiff,             )
                                    )
        v.                          )  No. 04 C 5987
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
et al.,                             )
                                    )
             Defendants.            )

MEMORANDUM ORDER

In this Truth in Lending Act ("TILA") lawsuit brought by Sandra Bell ("Bell") against Ameriquest Mortgage Company ("Ameriquest"), Ameriquest's Amended Answer to Bell's Complaint has included an affirmative defense challenging Bell's claim for statutory damages, costs and attorney's fees for the alleged TILA violation as assertedly barred by the one-year statute of limitations contained in 15 U.S.C. §1640(e).[1] In response to this Court's request that Bell's counsel identify the predicate for rejecting that affirmative defense, Bell's counsel has provided a letter (1) stating that the "interplay" between Section 1640(a)(2)(iii) on the one hand and Sections 1635(e) and (g) on the other "is not contextually clear" and (2) drawing this Court's attention to McIntosh v. Irwin Union Bank & Trust Co., 215 F.R.D. 26, 30 (D. Mass. 2003).

McIntosh found the applicable limitation period to be three

---

[1] All further references to Title 15 provisions will simply take the form "Section--."

years rather than one year, but that was simply announced as a conclusion en route to the court's resolution of what was really in dispute between the parties there: whether a right to rescind existed under Section 1635(f) after a mortgage had been paid off. With all respect, this Court finds the ipse dixit statement in <u>McIntosh</u>, which was stated in purely conclusory form after having quoted Section 1635(g), to be unpersuasive.

Here is Section 1635(g):

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

But <u>McIntosh</u> reads Section 1640 as though it is severable: It honors the Section 1640(a)(2)(A)(iii) statement of liability on the part of a statute-violating creditor while simultaneously reading out of the statute the equally substantive one-year limitation in Section 1640(e) for bringing an action under Section 1640. This Court sees no warrant for such a splintered reading, for Section 1635(g) provides for the possible award of relief under Section 1640 simpliciter, rather than invoking only one part of that section while ignoring another.

In short, where as here Bell has brought her lawsuit more than 18 months after Ameriquest assertedly violated TILA, the potential for the awarding of relief under Section 1640 set out in Section 1635(g) has never eventuated. Accordingly

2

Ameriquest's first affirmative defense is upheld, and Bell's prayer for relief other than for the possible rescission of the Ameriquest mortgage is stricken. Because this memorandum order may impact the parties' current efforts to settle the matter pursuant to this Court's prior reference to Magistrate Judge Nan Nolan, a copy of this memorandum order is being transmitted to Judge Nolan in addition to the copies being transmitted to the parties.

                                   /s/ Milton I. Shadur
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: November 29, 2004